Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50137 | **DATE** | 4/15/2002 |
| **CASE TITLE** | GRUNER AG vs. KG COMPONENTS, INC., ET AL. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the motion of KG Components, Inc. and Klaus Gruner to dismiss Counts I and II for improper venue is granted. Counts I and II are dismissed without prejudice subject to Components and Klaus submitting to the jurisdiction of the designated German court and waiving any statute of limitations defense that may have arisen since the filing of this case.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | APR 16 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | 02 APR 16 AM 10:32 | 4-16-02 |
| /SEC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER ORDER

Plaintiff, Gruner AG, filed a five-count complaint against Defendants, KG Components, Inc. ("Components"), KG Technologies ("Technologies"), and Klaus Gruner ("Klaus"). Count I is against Components and Klaus for breach of contract. Count II is against Components and Klaus for unjust enrichment. Counts III and IV are against all three defendants for violation of the Lanham Act (Count III) and the Illinois Deceptive Trade Practices Act (Count IV). Count V is against Klaus and Technologies for violation of the Illinois Fraudulent Transfer Act. Components is currently operating under Chapter 11 protection in the bankruptcy court for this district and division. The bankruptcy court granted plaintiff relief from the automatic stay to proceed on Counts I-IV in this matter for purposes of determining liability. The bankruptcy court reserved the administration of any recovery on this action to the confines of the bankruptcy proceeding. Components and Klaus moved to dismiss Counts I and II for improper venue under Federal Rule of Civil Procedure 12(b)(3). They argue that a forum selection clause in purchase order contracts between plaintiff and Components requires dismissal as the contracts make a German court, the Amtsgericht, in "Rottweil a.N." the "sole Court of competent Jurisdiction for any disputes resulting directly or indirectly from this contractual relationship . . . ,." Mark Liss Decl., Exh. A ¶ 11 The contract is governed by German law. Id. Plaintiff acknowledges that it issued invoices to Components requiring litigation related to the invoices be conducted in Germany. Pl. Resp. p. 4. It argues that enforcement of the forum selection clause would contravene strong public policy set forth in 28 U.S.C. § 1334(a) that vests original and exclusive jurisdiction for all cases under the bankruptcy code in the district court. Plaintiff further argues enforcing the forum selection clause will result in piecemeal litigation since Counts III and IV would be tried by this court and Count V by the bankruptcy court.[1]

Neither party has addressed which country's law controls the validity of the forum selection clause. The parties have cited this nation's federal cases and apparently assume our federal law applies and the court will do the same. See Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 374 (7th Cir. 1990). Forum selection clauses are presumptively valid and will be enforced unless the resisting party shows enforcement would be unreasonable under the circumstances. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972). A forum selection clause is enforceable unless it was the result of (1) fraud, undue influence or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the resisting party will for all practical purposes be denied its day in court; or (3) enforcement would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision. See AAR Int'l, Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 525 (7th Cir.), cert. denied __ U.S. __, 122 S.Ct. 463 (2001). Plaintiff relies on the third prong, the public policy of the bankruptcy code and against piecemeal litigation.

Plaintiff has not cited any cases in which a court refused to enforce a forum selection clause because it involved a suit against a debtor in bankruptcy. To the extent there is a public policy in favor of providing a single forum to preserve, protect and distribute the assets of a bankruptcy estate, that forum is not a single judicial district but the bankruptcy court where the bankruptcy case is pending. See Envirolite Enterprises, Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft M.B.H., 53 B.R. 1007, 1013 (S.D. N.Y. 1985) (enforcing a forum selection clause requiring debtor to litigate in Austria). By obtaining relief from the stay to proceed in this court, plaintiff has already assured the proceedings will not be centralized in the bankruptcy court. See id.

Plaintiff's citation to 28 U.S.C. § 1334(a) is inapposite as that provision is generally agreed to refer "merely to the bankruptcy petition itself." In re Marcus Hook Development Park, Inc., 943 F.2d 261, 264 (3rd Cir. 1991) quoting In Re Wood, 825 F.2d 90, 92 (5th Cir. 1987) (internal quotations omitted). Further, the forum selection issue does not concern jurisdiction, but venue, see Envirolite at 1011, which 28 U.S.C. § 1409(a) makes permissive not mandatory in the district where the bankruptcy case is pending. See In re March, 140 B.R. 387, 388, fn. 3 (E.D. Va 1992). Section 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 *may* be commenced in the district court in which such case is pending" (emphasis added). In the face of the permissive nature of § 1409(a), the fact plaintiff obtained relief from the stay to proceed outside the bankruptcy court, and the absence of any cases cited to the contrary, the court cannot say enforcement of the forum selection clause would violate a strong public policy in this bankruptcy related matter.

Plaintiff argues that the bankruptcy court's order requiring any judgment on Counts I and II be enforced in the bankruptcy court and the bankruptcy court's retention of Count V means it cannot obtain its "day in court" if the motion is granted. This argument is unpersuasive. Any judgment entered by any court will necessarily be subject to the proceedings in the bankruptcy court. Whether a judgment is entered by this court or a German court, will not change this.

Plaintiff also contends there is a strong public policy against piecemeal litigation and that enforcement of the forum selection clause will violate this policy. Neither party has cited any cases involving several different claims against several different defendants where only some of the claims and some of the defendants are parties to the forum selection clause. Plaintiff, as the resisting party, must establish the unreasonableness of enforcement of the forum selection clause. See Bremen at 18. Plaintiff has not established that a strong public policy requires non-enforcement. The factors it cites (possible overlap of evidence and discovery) do not demonstrate any compelling reason to retain Counts I and II in the face of the forum selection clause. Plaintiff has not advanced any reason why Klaus's motion, should be distinguished from Components.

For the foregoing reasons, the motion of Components and Klaus to dismiss Counts I and II for improper venue is granted. Counts I and II are dismissed without prejudice subject to Components and Klaus submitting to the jurisdiction of the designated German court and waiving any statute of limitations defense that may have arisen since the filing of this case.

---

[1] Plaintiff asks the court to defer decision on this motion until the bankruptcy court rules on a pending motion to convert to Ch. 7. Whether the bankruptcy court will convert or grant the motion to dismiss the Ch. 11 which is also pending is speculative and the court declines to defer its decision on the motion before it.