Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 50137 | DATE | 7/25/2002 |
| CASE TITLE | GRUNER AG vs. KG COMPONENTS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, plaintiff's motion for a Fed. R. Civ. P. 54 (b) finding is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUL 26 2002 date docketed | 33 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | 02 JUL 26 AM 8:40 | 7-26-02 date mailed notice | |
| | Copy to judge/magistrate judge. | FILED-WD | | |
| SW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Gruner AG, filed a motion pursuant to Fed. R. Civ. P. 54(b) for a finding of no just reason for delay and an entry of judgment on the court's April 15, 2002 order granting the motion of defendants, KG Components, Inc. and Klaus Gruner, to dismiss counts I and II of plaintiff's complaint for improper venue based on a forum selection clause making a German court the appropriate forum. Gruner AG v. KG Components, Inc., No. 01 C 50137, 2002 WL 596360 (N.D. Ill. Apr. 15, 2002) (Reinhard, J.). Rule 54(b) entries are not to be made routinely or without due deliberation. See United States Gen., Inc. v. Albert, 792 F.2d 678, 680 (7th Cir. 1986) The court is generally required to specifically state the reasons an immediate appeal is necessary. Id. at 681. The motion is addressed to the court's discretion. See Id. There is a strong policy against piecemeal appeals. See Freeman v. Kohl & Vick Machine Works, Inc., 673 F.2d 196, 201 (7th Cir. 1982).

Plaintiff's argument is essentially that a piecemeal appeal may ultimately reduce piecemeal litigation. A reversal on appeal would reinstate counts I and II in this court reducing from three to two the courts in which disputes between these parties would be pending. Of course, to achieve this reduction, the parties would have to brief and argue a case at the court of appeals, with all of the expense and delay that attends an appeal, and plaintiff would have to prevail. Plaintiff's alternatives are to proceed in the German court or to await final resolution of the remaining matters before this court and appeal the enforcement of the forum selection clause at that time. The court does not see anything in plaintiff's argument that indicates an immediate appeal is necessary. While an immediate appeal, if successful, would get the plaintiff what it seeks (a return of counts I and II to this court) the burden of an immediate appeal on defendants and the court of appeals would be significant in terms of time and expense. This is not a case where plaintiff has a monetary award it seeks to enforce and where delaying appeal would cause it a severe daily financial loss from non-payment. E.g. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 6 (1980). Plaintiff has not advanced any significant hardship that overcomes the strong policy against piecemeal appeals. See Freeman, 673 F.2d at 201. Any benefit to plaintiff is offset by the extra burden a piecemeal appeal places on defendants.

For the foregoing reasons, plaintiff's motion for a Fed. R. Civ. P. 54 (b) finding is denied.