Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50137 | **DATE** | 11/5/2002 |
| **CASE TITLE** | GRUNER AG vs. KG COMPONENTS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Technologies and Klaus's motion to dismiss or stay Count V is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | NOV - 5 2002 | 39 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11-5-02 | |
| | | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office / mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Gruner AG, filed a five-count complaint against Defendants, KG Components, Inc. ("Components"), KG Technologies ("Technologies"), and Klaus Gruner ("Klaus"). Counts I and II against Components and Klaus for breach of contract and unjust enrichment, respectively, were previously dismissed for improper venue based on a forum selection clause requiring litigation in a German court. Gruner, AG v. KG Components, Inc., No. 01 C 50137, 2002 WL 596360 (N.D. Ill. April 15, 2002) (Reinhard, J.). Counts III and IV are against all three defendants for violation of the Lanham Act (Count III) and the Illinois Deceptive Trade Practices Act (Count IV). Count V is against Klaus and Technologies under the Illinois Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/1 et seq. Technologies and Klaus now move to dismiss count V for improper venue based on the forum selection clause or, alternatively, to stay action on count V pending decision by the German court of the claims previously asserted, and then dismissed by this court, in counts I and II of Gruner's complaint.

Under UFTA, a creditor may bring an action against a transferee from a debtor for relief from the transfer. 740 ILCS 160/8(a), 9. The relief may include avoidance of the transfer, attachment of the transferred asset and an injunction against further disposition by the transferee. Id. A creditor is a person with a claim. 740 ILCS 160/2(d). A claim is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 740 ILCS 160/2(c). This makes clear a creditor may bring an action under UFTA while the creditor's underlying claim is still disputed by the debtor and is, as yet, unadjudicated. See also A.P. Properties, Inc. v. Goshinsky, 714 N.E.2d 519, 522 (Ill. 1999) ("creditor must demonstrate that the debtor owes or *potentially* owes a 'payment' to the creditor") (emphasis added).

The forum selection clause is inapplicable to count V. It is contained in a contract between Components and Gruner and governs disputes resulting from the contractual relationship. Count V is not a dispute resulting, even indirectly, from the contractual relationship. Rather, it addresses alleged transfers made by Components to Technologies and Klaus with intent to hinder, delay or defraud creditors, or for insufficient value, or as insider preferences. These alleged transfers have nothing to do with Components and Klaus's alleged failure to pay for goods under the contract containing the forum selection clause or their retaining the benefits of the goods unjustly. Accordingly, the forum selection clause does not render venue over count V improper in this court.

Alternatively, Technologies and Klaus seek a stay of count V pending conclusion of the German litigation. A motion to stay litigation pending resolution of litigation in another court is addressed to the court's sound discretion. See Ingersoll milling Machine Co. v. Granger, 833 F.2d 680, 686 (7th Cir. 1987). Technologies and Klaus claim judicial economy will be served by waiting for the result of the German litigation. If Gruner loses in Germany, they assert, count V will not need to be litigated because Gruner will no longer have a claim for UFTA purposes. If Gruner wins in Germany, then, they say, nothing has been lost because the stay can be lifted. The court thinks justice will be better served by letting count V proceed now. While it is true the expense of proceeding on count V possibly could be avoided if Gruner ultimately loses in Germany, it is also true that delaying count V means a greater delay in Gruner realizing on its judgment from fraudulently transferred assets if Gruner prevails in Germany and then on count V. As discussed above, UFTA clearly anticipates actions on disputed and unliquidated claims. 740 ILCS 160/2 (c). The purposes of UFTA, such as protecting creditors like Gruner from the unfair reduction in value of debtor's assets from which their claims could be satisfied, see In re: Randy, 189 B.R. 425, 444 (Bankr. N.D. Ill. 1995), will be better served by allowing count V to proceed undelayed.

For the foregoing reasons, Technologies and Klaus's motion to dismiss or stay count V is denied.